IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VALERIE MALISSIA VEAZEY LOUCKS, | ) ) ) | |
| Plaintiff; | ) ) ) | 2:14-cv-01428-LSC |
| vs. | ) ) | |
| SUNRISE USA, INC., et al., | ) ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss this case as a duplicative action, (Doc. 11), and Motion to Transfer the case to the Middle District of Alabama. (Doc. 12). The issues have been fully briefed by the parties and are ripe for decision. For the reasons stated below, the motion to dismiss is due to be denied while the motion to transfer is due to be granted.

I.   Background

Plaintiff Valerie Malissia Veazey Loucks ("Loucks") brought this action, alleging violations by Sunrise USA, Inc.; Restaurant Help, Inc.; Service Solution, Inc.; and Rory S. Smith ("Defendants") of Title VII of the Civil Rights Act of 1964, along with several state law causes of action.

Loucks was employed by the Defendants beginning on August 5, 2009, working as a waitress at the Shoney's Restaurant in Clanton, Alabama. On August 1, 2011, after allegedly suffering from sexual harassment at the hands of co-workers and supervisors, Loucks filed an EEOC charge against the Defendants. After receiving her right to sue letter, Loucks filed suit against the Defendants in the United States District Court for the Middle District of Alabama, alleging unlawful employment practices, intentional gender discrimination, sexual harassment, and retaliation. *See Loucks, et al. v. Smith, et al.*, 2:12-cv-304-WHA. That case is still pending at this time.

Loucks now alleges that she has been the victim of retaliation by the Defendants since filing the initial EEOC charge and lawsuit in 2011, and alleges various mental and physical damages, as well as constructive termination from her employment, as a result. On July 24, 2014, Loucks brought the instant action against the Defendants in this Court, alleging unlawful retaliation in violation of Title VII and several state law causes of action stemming from the retaliatory conduct. Defendants then filed the motion to dismiss, arguing that the instant litigation involved essentially the same parties, facts, and circumstances as the pending case in the Middle District, and thus should be dismissed as duplicative, or in the alternative transferred to the Middle District.

II.   Discussion

  A.   Motion to Dismiss

There is no precise rule governing concurrent jurisdiction of claims between federal district courts, but the "general principle is to avoid duplicative litigation" in such circumstances. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). When determining how to handle multiple federal filings, a district court should consider all the equities of the situation. *See Curtis v. Citibank, N.A.*, 226 F. 3d 133, 138 (2d Cir. 2000). "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *The Haytian Republic*, 154 U.S. 118, 124 (1894). To determine how effectively the first suit will dispose of the matters in the second suit, federal courts typically borrow the test for claim preclusion and ask whether the second suit involves "the same parties or their privies" and "arises out of the same transaction or series of transactions" as the first suit. *Adams v. Cal. Dept. of Health Serv.*, 487 F. 3d 684, 689 (9th Cir. 2007); *see also The Haytian Republic*, 154 U.S. at 124 ("There must be the same parties. . . there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same."); *Curtis*, 226 F. 3d at 139.

In this case, the claims currently in the Middle District and the claims currently before this Court involve the exact same parties. However, the facts that the second suit are based on differ from those involved in the first suit. While both suits are based around unlawful discrimination allegedly suffered by the Plaintiff at the hands of her employers, the claims in this complaint revolve around unlawful retaliation that the Plaintiff has allegedly suffered subsequent to filing her complaint in the Middle District. Therefore, the two cases are not "founded upon the same facts" and dismissal on the grounds of duplicative litigation is improper. Therefore, Defendants Motion to Dismiss the action as duplicative litigation is denied.

B.    Motion to Transfer

Under the special venue provision of Title VII, venue is appropriate in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed..." 42 U.S.C. § 2000e-5(f)(3). The special venue provisions of Title VII are the exclusive venue provisions for Title VII employment discrimination actions. *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006). However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought..." 28 U.S.C. § 1404(a). It is proper for a district court to transfer a Title VII employment discrimination case under § 1404(a) where, though venue is proper in the

district, all the relevant parties and facts are located in another district. *See Ross v. Buckeye Cellulose Corp.*, 980 F. 2d 648, 655 (11th Cir. 1993) (transfer of Title VII action to the Middle District of Georgia was not an abuse of discretion under § 1404(a), even though venue was also proper in both the Northern or Southern Districts of Georgia, because all relevant locations, records, and witnesses for the suit were located in the Middle District).

In the present case, venue is proper in the Northern District of Alabama because the unlawful employment practices at issue occurred in the state of Alabama. However, the Court is convinced that, under the circumstances of this case, the interests of justice counsel in favor of a transfer to the Middle District of Alabama.

Loucks is a resident of Chilton County in the Middle District. Loucks was employed, and all the relevant actions took place, at a Shoney's restaurant located in Chilton County. The defendant corporations were all operating that same Shoney's restaurant in Chilton County. The individual defendant, Rory S. Smith, is a resident of Tennessee but is the controlling shareholder in corporations which operated the Shoney's in Chilton County. According to the complaint, the relevant events all occurred at the Shoney's restaurant in Chilton County. It is reasonable to assume that any witnesses and evidence involved in the case will primarily be located in Chilton County.

Also relevant to the Court's decision is the fact that claims based on similar (although not identical) facts are already pending in the Middle District. A transfer will allow the Middle District to determine whether it would be proper to consolidate this action with the already pending action. Therefore, this Court will exercise its discretion to transfer this case to the Middle District of Alabama.

III.   Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 11) is DENIED. Defendants' Motion to Transfer (Doc. 12) is GRANTED. The Clerk of the Court is directed to transfer this case to the Middle District of Alabama.

Done this 19th day of September 2014.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
177825